**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**RMD, LLC,**

      **Plaintiff/Counterclaim Defendant,**      **Civil Action**

**v.**      **No. 09-2056-JAR-DJW**

**NITTO AMERICAS, INC., et al.,**

      **Defendants/Counterclaimants.**

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion to Amend (doc. 30). Plaintiff seeks leave to amend its Petition to add four new claims against Defendants. For the reasons set forth below, the Motion to Amend is granted.

**I.**      **Nature of the Matter Before the Court and Background Information**

Plaintiff filed this action in Johnson County District Court on January 8, 2009, alleging that Defendants had breached a Distributorship Agreement entered into by the parties. In addition to asserting breach of contract, Plaintiff sought temporary and permanent injunctive relief and a declaratory judgment that the Distributorship Agreement is binding and enforceable against Defendants.

The case was removed to this Court on February 3, 2009. On April 16, 2009, the Court granted Plaintiff's Motion for Expedited Discovery and granted the parties leave to conduct the depositions of three specified individuals. Those depositions were take in May 2009. On June 19, 2009, Plaintiff filed the instant Motion to Amend.

A Scheduling Conference was held on September 4, 2009, and the Scheduling Order was entered that same day. The Scheduling Order set an October 31, 2009 deadline for filing motions to amend.[1] It also set a March 31, 2010 discovery deadline and an April 21, 2010 Pretrial Conference.[2] The case is set for trial on the January 4, 2011 trial docket.[3]

Plaintiff seeks leave to amend its Petition to add claims for fraudulent inducement, fraudulent misrepresentation, negligent misrepresentation, and fraudulent concealment/fraud by silence. Defendants oppose the motion on the following grounds: (1) the motion is untimely; (2) Defendants will be prejudiced by the amendments; and (3) the proposed amendments are futile.

## II.     Standard for Granting Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that, after the permissive period, a party may amend its pleadings "only with the opposing party's written consent or the court's leave."[4] Rule 15(a)(2) also states that "[t]he court should freely give leave when justice so requires."[5] The Supreme Court has held that "this is a mandate . . . to be heeded."[6]

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by

---

[1]*See* Sept. 4, 2009 Scheduling Order (doc. 50), ¶ 3.a.

[2]*Id*., ¶¶ 2.a, 4.b.

[3]*Id*., ¶ 4.c.

[4]Fed. R. Civ. P. 15(a)(2).

[5]*Id.*

[6]*Foman v. Davis,* 371 U.S. 178, 182 (1962).

amendments previously allowed, or futility of amendment."[7] The district court has "wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation."[8] In exercising its discretion, the court must keep in mind that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities.[9]

## III.    Analysis

### A.    Timeliness

With respect to the "undue delay" factor, the court may properly refuse leave to amend where the movant has delayed in bringing the motion to amend and the movant provides no adequate explanation for the delay.[10] In addition, the court may deny leave to amend if the movant knew or should have known of the facts upon which the proposed amendment is based but failed to include the allegations in its original pleading.[11]

Defendants contend Plaintiff's motion is untimely because Plaintiff waited six months from the date of filing the lawsuit to file its motion. Plaintiff also waited one year from the date of expiration of the Distributorship Agreement and fifteen months after Plaintiff sent formal letters regarding the parties' pricing disputes.

---

[7]*Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

[8]*Bylin,* 568 F.3d at 1229 (citation omitted).

[9]*Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, (D. Kan. 2007); *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989).

[10]*Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494-95 (10th Cir. 1995) ("Untimeliness in itself can be a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay.").

[11]*Steinert v. Winn Group, Inc.*, 190 F.R.D. 680, 684 (D. Kan. 2000) (citing *State Distrib., Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405, 416 (10th Cir. 1984)).

Plaintiff, on the other hand, argues that its motion is timely, having filed it before the Scheduling Order was entered. Plaintiff maintains that it did not possess all of the information necessary to assert the proposed claims until the depositions were taken of Defendant Nitto's Vice President and General Manager (Brian Brace) and Vice President of Operations (Rick Raines), and Plaintiff's managing member (Tim McCarthy). Those depositions were taken on May 7, May 20, and May 27, 2009, respectively.[12]

The Court finds that Plaintiff's motion is timely and that Plaintiff did not unduly delay in filing it. The motion was filed on June 19, 2009, two and one-half months before the Scheduling Order was issued and four and one-half months before the October 31, 2009 amendment deadline. It was also filed more than nine months prior to the deadline for completing discovery. Furthermore, Plaintiffs have provided a reasonable explanation as to why they did not include the proposed fraud allegations in their original Petition. The Court therefore declines to deny the Motion to Amend based on untimeliness or undue delay.

### B. Prejudice

Prejudice to the opposing party is a key factor in denying leave to amend.[13] Prejudice under Rule 15(a)(2) means undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the opposing party.[14] "Any amendment invariably causes some 'practical prejudice,' but leave to amend is not denied unless the amendment would work an

---

[12]*See* Dep. Notices (doc. 24-26).

[13]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006).

[14]*Rural Water Dist. No. 4, Douglas County v. City of Eudora, Kan.*, No. 07-2463-JAR-DJW, 2008 WL 1867984, at *3 (D. Kan. Apr. 24, 2008).

injustice to the defendants."[15] The prejudice with which the Rule is concerned is the prejudice to the party's ability to prosecute or defend.[16] The party opposing the amendment has the burden of showing prejudice.[17]

Defendants contend that they will be prejudiced because addition of the proposed claims may require reopening the depositions of the three witnesses who were deposed in May of this year. The need for additional discovery typically is not sufficient to demonstrate prejudice, particularly when there is adequate time to conduct the additional discovery.[18] In this case, the discovery period does not close until March 31, 2010. This gives the parties ample time to reopen these individuals' depositions, if that is in fact necessary.

Defendants present no other basis for finding prejudice. The Court therefore holds that Defendants have failed to meet their burden to show that they will face undue difficulty in defending this lawsuit if the proposed amendments are allowed. The Court therefore declines to deny the

---

[15]*U.S. v. Sturdevant*, No. 07-2233-KHV-DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) (quoting *Koch v. Koch Indus.*, 127 F.R.D. 206, 209-10 (D. Kan. 1989)).

[16]*Denver NMR, Inc. v. Front Range Mobile Imaging, Inc*., No. 08-cv-02695-KMT-BNB, 2009 WL 1538080, at *3 (D. Colo. June 1, 2009).

[17]*Rural Water,* 2008 WL 1867984 at *3; *Acker v. Burlington N. & Santa Fe Ry. Co.*, 215 F.R.D. 645, 654 (D . Kan. 2003).

[18]*U. S. for and Behalf of Maritime Admin. v. Cont'l Ill. Nat'l Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989) ("[T]he adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading."); *Sec. Exch. Comm'n v. Nacchio*, No. 05-cv-00480-MSK-CBS, 2008 WL 2756941, at *7 (D. Colo. July 14, 2008) ("[T]he need for additional discovery is not persuasive as undue prejudice."); *CenterForce Techs., Inc. v. Austin Logistics, Inc.*, No. 99-243-MMS, 2000 WL 652943, *6 (D. Del. Mar. 10, 2000) (need for additional discovery did not subject defendant to "undue prejudice" where defendants would be able to conduct discovery with respect to the additional claims and defenses).

Motion to Amend on the basis of prejudice.

### C.      Futility

Finally, Defendants assert that the Motion to Amend should be denied because allowing the proposed amendments would be futile. Defendants contend that amendment would be futile because (1) the proposed fraud claims are indistinguishable from Plaintiff's breach of contract claim and therefore not allowed, and (2) Plaintiff has not alleged fraud with the requisite particularity.

A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.[19]  The burden is on the parties asserting that the proposed claim is futile—in this case Defendants—to establish the futility of the proposed amendments.[20]

In determining whether an amendment should be denied as futile, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[21]  In doing so, the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party.[22]  The court must then look to the specific allegations in the proposed amended complaint to determine whether they support a legal claim for relief.[23]  Thus, in this case, the Court may find Plaintiff's proposed claims futile if, viewing the well-pleaded factual allegations in the proposed First Amended Complaint as

---

[19]*Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[20]*Capital Solutions, LLC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, No. 08-2027-JWL-DJW, 2009 WL 1635894, at *5 (D. Kan., June 11, 2009); *Pekareck v. Sunbeam Prods.*, No. 06-1026-WEB, 2006 WL 1313382, at *1 (D. Kan. May 12, 2006).

[21]*Capital Solutions*, 2009 WL 1635894, at *5 (citing *Andersen*, 499 F.3d at 1238); *Stewart v. Bd. of Comm'rs for Shawnee County*, 216 F.R.D. 662, 664 (D. Kan. 2003) (citation omitted).

[22]*Capital Solutions*, 2009 WL 1635894, at *5 (citing *Anderson*, 499 F.3d at 1232).

[23]*Id*. at *5 (citing *Anderson*, 499 F.3d at 1232).

true and in the light most favorable to Plaintiff, the proposed claims could not withstand a motion to dismiss.[24]

>    1.    *Are the proposed fraud claims subject to dismissal because they are indistinguishable from the breach of contract claim?*

To state cause of action for fraud under Kansas law, "the basis of the claim must be different from the conduct upon which a breach of contract claim is based."[25] Furthermore, the fraud must cause damages greater than those caused by the breach of contract alone.[26] Consequently, a plaintiff may not convert a claim for breach of contract into a claim for fraud "by merely alleging reliance on representations that the contract would be performed and detriment from its breach."[27]

The Court has reviewed Plaintiff's breach of contract claim and the proposed fraud claims and finds that they state separate and distinct causes of action. The contract claim is based on various alleged breaches, including Defendants' alleged sale of "Exclusive Products" to Plaintiff's competitors in the "Exclusive Market" in violation of the exclusivity provisions of the Distributor-ship Agreement, and Defendants' alleged sale of products to former and prospective customers of Plaintiff in violation of the Non-Solicitation provisions of the Distributorship Agreement.[28] These claims differ significantly from the proposed claim that Defendants fraudulently induced Plaintiff to enter into the Distributorship Agreement by representing "that the 'cost plus' model was the basis

---

[24]*Id.* (citing *Anderson*, 499 F.3d at 1232).

[25]*Wade v. EMCASCO Ins. Co.,* 483 F.3d 657, 675 (10th Cir. 2007) (citing *Brown v. Chaffee*, 612 F.2d 497, 503 (10th Cir. 1979) (interpreting Kansas law); *Heller v. Martin*, 14 Kan. App. 2d 48, 782 P.2d 1241, 1245 (1989)).

[26]*Id*. (citing *Heller*, 782 P.2d at 1245).

[27]*Steel Works, LLC v. Specialty Parts, Inc*., No. 07-2099-CM, 2008 WL 2222023, at *4 (D. Kan. May 28, 2008) (citations and internal quotations omitted).

[28]Proposed Am. Compl., Count III, ¶¶ 56(a) & (b).

for the pricing pursuant to the Agreement."[29] The breach of contract claims also differ significantly

from the claims that Defendants made oral misrepresentations and issued letters informing Plaintiff

that increases in the cost of raw materials had caused Plaintiff's purchase prices to increase.[30]

Finally, the breach of contract claims differ from the fraudulent concealment claim, which alleges

that Defendants' letters "suppressed facts regarding the bases for changes in pricing."[31]

In short, the Court finds that Plaintiff's proposed allegations of fraud are distinguishable

from allegations forming the basis of Plaintiff's cause of action for breach of contract. In addition,

the Court cannot say that the contract damages are identical to the fraud damages. Thus, the

proposed fraud claims are not subject to dismissal, and the amendments would not be futile.

> 2. *Are the proposed fraud claims subject to dismissal because they have not been pled with particularity?*

Pursuant to Federal Rule of Civil Procedure 9(b), a complaint alleging fraud must "set forth

the time, place and contents of the false representation, the identity of the party making the false

statements and the consequences thereof."[32] The purpose behind Rule 9(b) is to give the defendant

fair notice of the plaintiff's claims and the specific factual grounds upon which they are based so

that the defendant may prepare an adequate responsive pleading.[33] Although Rule 9(b) provides for

a heightened pleading standard, it must still be read in conjunction with Rule 8, which requires a

---

[29]*Id.*, Count IV, ¶ 59.

[30]*Id.*, Count V, ¶ 67; Count VI, ¶ 74.

[31]*Id.*, Count VII, ¶ 80.

[32] *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000); *accord Schwartz v. Celestial Seasonings, Inc.,* 124 F.3d 1246, 1252 (10th Cir. 1997).

[33]*Schwartz*, 124 F.3d at 1252 (quoting *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992)).

simple, concise and direct pleading.[34] Accordingly, to survive a motion to dismiss, a complaint

asserting a cause of action for fraud must "set forth the time, place and contents of the false

representation, the identity of the party making the false statements and the consequences thereof."[35]

In other words, "the plaintiff must set out the 'who, what, where, and when' of the alleged fraud."[36]

This heightened pleading standard applies to Plaintiff's proposed claims for fraudulent

inducement (Count IV) and fraudulent misrepresentation (Count V). The Court must therefore

determine whether Counts IV and V have been pled with the requisite particularity. Defendants,

who have the burden to demonstrate futility, have not identified in what specific way Plaintiff's

proposed fraud claims are deficient. Defendants merely state that "there is a lack of particularity

sufficient to justify such a significant amendment . . . ."[37] The Court will nevertheless undertake an

analysis of the allegations.

Count IV states that "[o]n June 9, 2003, and other occasions from January through June

2003, Defendants, through Brian Brace and other agents, represented to RMD, that the 'cost plus'

model was basis for the pricing pursuant to the Agreement."[38] Furthermore, Plaintiff alleges that

"[b]ased on Defendants' subsequent pricing practices and sales to other distributors, such statements

---

[34]*Id.*, 124 F.3d at 1252.

[35]*Koch*, 203 F.3d at 1236 (quoting *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991)).

[36]*Plastic Packaging Corp. v. Sun Chem. Corp.*, 136 F. Supp. 2d 1201, 1203 (D. Kan. 2001) (citations omitted).

[37]Defs.' Mem. in Opp'n to Motion to Amend (doc. 39) at 6.

[38]Proposed Am. Compl., ¶ 59.

were false and misrepresentations of fact."[39]   The Court holds that these allegations are not

sufficiently particular to satisfy the Rule 9(b) standard because they fail to identify the "other

agents" who allegedly made these false statements.  The Court, however, finds this defect to be

easily curable.  The Court will therefore grant Plaintiff leave to amend to add Count IV, but will

direct Plaintiff to identify in Paragraph 59 the "other agents."

In proposed Count V, Plaintiff alleges as follows:  "Defendants issued letters to [Plaintiff]

RMD on April 15, 2005, March 22, 2006, and March 6, 2008, informing RMD that increases in the

cost of raw materials had caused an increase in the price of the Products purchased by RMD.  In

some instances, these statements included materials such as blowing agents which were not a part

of the formula for any Products purchased by RMD."[40]   Count V further states that "[t]he

representations were false and incomplete and made as a statement of existing fact."[41]  The Court

also finds these allegations to be insufficient, because in this instance Plaintiff merely attributes the

letters to "Defendants," without any identification of the particular persons who authored or "issued"

the letters on behalf of Defendants.[42]   Again, the Court finds this defect to be curable.  The Court

_____

[39]*Id.*, ¶ 60.

[40]*Id.*, ¶ 67.

[41]*Id.*, ¶ 68.

[42]*See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993) ("Rule 9(b) is not
satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'");
*see also Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986) (fraud claims did not satisfy Rule 9(b)
where complaint alleged "numerous representations attributed only to the 'defendants.'"); *see also*
*Universal Premium Acceptance Corp. v. Oxford Bank & Trust*, 277 F. Supp. 2d 1120, 1130 (D. Kan.
2003) (fraud claim insufficient where complaint merely alleged that Oxford Bank misrepresented
a statement of fact, without pleading the identity of the person who made the alleged
misrepresentation on behalf of Oxford Bank).

will grant Plaintiff leave to amend to add Count V, but will direct Plaintiff to identify in Paragraph 67 the specific persons who authored or issued these letters on behalf of each Defendant.

The Court now turns to Count VI, which asserts a claim for negligent misrepresentation. It is well settled that the Rule 9(b) heightened pleading standard does not apply to negligent misrepresentations claims.[43] Thus, the heightened pleading requirements do not apply to Plaintiff's proposed Count VI for negligent misrepresentation.[44] The Court therefore declines to deny the Motion to Amend as to proposed Count VI.

Count VII is a claim for fraudulent concealment/fraud by silence. Although Rule 9(b) is applied to claims for fraud by silence (sometimes called "fraudulent concealment"[45]), it is applied in a more liberal manner than it is applied to affirmative misrepresentation claims.[46] Because a fraud by silence claim does not involve an affirmative misrepresentation, it typically does not occur at a specific place or precise time, nor does it usually involve specific persons.[47] Thus, a plaintiff asserting fraud by silence is not required to identify the particular person who failed to disclose the

---

[43]*Universal Premium,* 277 F. Supp. 2d at 1130; *Shaffer v. Eden,* 209 F.R.D. 460, 464 (D. Kan. 2002); *Black & Veatch Int'l Co. v. Wartsila NSD N. Am.*, No. 97-2556-GTV, 1998 WL 264738, at *3 (D. Kan. May 21, 1998); *Cont'l Bank, N.A. v. Caton*, No. 88-1611-C, 1990 WL 129452, at *12 (D. Kan. Aug. 6, 1990).

[44]*See* Proposed Am. Compl., Count VI, ¶¶ 73-78.

[45]Under Kansas law, "fraud by silence" and "fraudulent concealment" are different names for the same cause of action. *Larson v. Safeguard Props., Inc*., 379 F. Supp. 2d 1149, 1152 (D. Kan. 2005) (citing *Burton v. R.J. Reynolds Tobacco Co.*, 397 F.3d 906 (10th Cir. 2005)).

[46]*See, e.g., Capital Solutions, LLC v. Konica Minolta Bus. Solutions, Inc*., No. 08-2027-JWL-DJW, 2009 WL 1635894, at *6 (D. Kan. June 11, 2009) (citing *Bishop v. Shell Oil Co.*, No. 07-2832, 2008 WL 57833, at *1-2 (E.D. La. Jan. 3, 2008) (applying a "more relaxed pleading standard" to fraud by silence claims); *Daher v. G.D. Searle & Co.*, 695 F. Supp. 436, 440 (D. Minn. 1988) (applying lesser standard to "malicious silence" fraud claim because it is "by its very nature, difficult to plead with particularity").

[47]*Capital Solutions*, 2009 WL 1635894, at *6; *Bishop*, 2008 WL 57833, at *1.

material fact, because "[i]t would not serve Rule 9(b)'s purposes to compel [p]laintiffs to speculate

about the specific individual who should have made disclosures of material fact."[48] Nonetheless,

a plaintiff alleging fraud by silence should to be able to identify the facts that it claims were not

disclosed, and, thus, most courts require the plaintiff to plead with specificity the material facts that

the defendant wrongfully failed to disclose.[49] Courts will also require the plaintiff to allege the

general time period during which the facts were withheld.[50]

Here, Plaintiff's proposed Count VII alleges in pertinent part:

Defendants issued letters to RMD on April 15, 2005, March 22, 2006, and March 6, 2008, informing RMD that increases in the cost of raw materials had caused an increase in the price of the Products purchased by RMD. Not only were there affirmative misrepresentations in these letters, as referenced in the preceding Count, but *Defendants also suppressed facts regarding the bases for changes in pricing.* Because the prices charged for the Products were based upon a pricing model that was incorporated into the Agreement and attached thereto as an exhibit and based on prior representations, Defendants had an equitable and/or legal obligation to divulge these facts to RMD.[51]

---

[48]*Capital Solutions*, 2009 WL 1635894, at \*6 (quoting *Larson,* 379 F.Supp. 2d at 1153).

[49]*Id. (citing Bishop,* 2008 WL 57833, at \* 2 (plaintiff alleging fraud by silence must allege with reasonable particularity the information that was withheld); *Bear Hollow, L.L.C. v. Moberk, L.L.C.*, No. 5:05CV210, 2006 WL 1642126, at \*5 (W.D. N.C. June 5, 2006) (fraud by silence plaintiff must allege with reasonable particularity "the general content of the information that was withheld and the reason for its materiality"); *Chrysler Credit Corp. v. Whitney Nat'l Bank*, 824 F.Supp. 587, 598 (E.D. La. 1993) (fraud by silence plaintiff must allege with reasonable particularity the statements or information withheld)).

[50]*Bishop*, 2008 WL 57833, at \*2 (fraud by silence plaintiff must allege "the general time period" during which the fraud by silence occurred); *Bear Hollow*, 2006 WL 1642126, at \*5 (plaintiff must allege the "general time period over which . . . the fraudulent conduct occurred").

[51]Proposed Am. Compl., ¶ 80 (emphasis added).

While Plaintiff points to specific instances and times, Plaintiff merely alleges that Defendants failed to communicate "facts *regarding* the bases for changes in pricing."[52] Plaintiff never identifies those facts, however. The Court thus holds that this allegation is not specific enough to apprise Defendants of the nature of the claimed fraud and not sufficient to allow them to frame an appropriate response.[53] Again, the Court finds this deficiency curable. Plaintiff will be granted leave to amend to add this claim but must identify the facts that Plaintiff contends Defendants wrongfully failed to disclose.

## IV. Conclusion

The Court holds that Plaintiff's Motion to Amend is timely and that Plaintiff did not unduly delay in bringing it. The Court further holds that Defendants will not be prejudiced if Plaintiff is allowed to amend its Complaint, for there is ample time for the parties to conduct discovery on these new claims. In addition, the Court concludes that the proposed fraud claims are not subject to dismissal on grounds that they are indistinguishable from Plaintiff's breach of contract claims.

Finally, the Court holds that proposed Counts IV, V, VII, which are required by Rule 9(b) to be pled with specificity, satisfy the specificity requirements of that rule except in certain respects. To the extent that these claims do not satisfy Rule 9(b) their deficiencies are curable. The Court therefore grants Plaintiff leave to file her proposed Amended Complaint but with the following modifications: (1) in Paragraph 59, Plaintiff shall identify the "other agents"; (2) In Paragraph 67, Plaintiff shall identify the persons who authored or issued the letters on behalf of each Defendant; and (3) in Paragraph 80, Plaintiff shall identify the facts that Plaintiff contends Defendants

---

[52]*Id.* (emphasis added).

[53]*See Capital Solutions*, 2009 WL 1635894, at *6 (fraud by silence claim did not satisfy Rule 9(b) where plaintiff merely alleged that defendant failed to communicate "material facts regarding payments received and balances due.").

wrongfully failed to disclose.  Plaintiff shall file her Amended Complaint, with these modifications, within **ten (10) days** of the date of this Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend (doc. 30) is granted; provided, however, that Plaintiff shall make the modifications noted herein to the Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall file her Amended Complaint within **ten (10) days** of the date of this Order.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 17th day of November 2009.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties