## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**RMD, L.L.C.,**

                      **Plaintiff,**

                                            **CIVIL ACTION**

**v.**

                                            **No. 09-CV-2056-DJW**

**NITTO AMERICAS, INC., et al.,**

                      **Defendants.**

### MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion for Reconsideration (ECF No. 281), which asks the Court to reconsider its ruling (ECF No. 267) allowing Plaintiff leave to file a second amended complaint to assert a claim for punitive damages. By docket entry (ECF No. 382), the Court denied Defendants' Motion for Reconsideration. This order memorializes the reasons for that ruling. For the reasons set forth below, the Court denies Defendants' Motion for Reconsideration.

The District of Kansas has promulgated a local rule, D. Kan. Rule 7.3(b), which addresses reconsideration of non-dispositive rulings, such as a ruling on a motion to amend. Pursuant to D. Kan. Rule 7.3(b), motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." The decision whether to grant or deny a motion for reconsideration is committed to the court's sound discretion.[1]

"A motion to reconsider may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and

---

[1] *Hancock v. Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence."[2] The party moving for reconsideration has the burden to show that there has been a change of law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice.[3]  Further, it is well settled that a motion to reconsider is not a second chance for the losing party to ask the court to revisit issues already addressed or to consider new arguments and supporting facts that could have been presented originally.[4] Nor is a motion to reconsider to be used as "a second chance when a party has failed to present it strongest case in the first instance."[5]

Defendants do not cite any intervening change in the law nor do they come forward with any new evidence that was not available to them at the time this Court denied Plaintiff's Motion to Amend.  Instead, Defendants proceed under the third prong of D. Kan. Rule 7.3(b), contending that reconsideration is warranted because "the Court needs to correct the clear error and prevent the manifest injustice it is causing Defendants."[6] Specifically, Defendants assert that "granting Plaintiff leave to amend its complaint a second time at such a late stage of the proceedings, on the eve of

---

[2] *Doerge v. Crum's Enters, Inc.,* No. 05-1019-JTM, 2007 WL 1202450, at *1 (D. Kan. Apr. 23, 2007) (citing *Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D. Kan.1989)).

[3] *Classic Communc'ns, Inc. v. Rural Tel. Svc., Co., Inc.*, 180 F.R.D. 397, 399 (D. Kan. 1998).

[4] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Sonnino v. Univ. of Kan. Hosp. Authority*, 221 F.R.D. 661, 664 (D. Kan. 2004).

[5] *Sonnino,* 221 F.R.D. at 664  (citing *Steinert v. Winn Group, Inc.*, No. 98-2564-CM, 2003 WL 23484638, at *2 (D. Kan. Sept. 24, 2003 (quoting *Prairie Band Potawatomi Nation v. Richards,* No. 99-4071-JAR, 2003 WL 21536881, at *1 (D. Kan. July 2, 2003)).

[6] Defs' Memorandum in Support of Motion for Reconsideration (ECF No. 282) at 1.

trial,"[7] prejudices Defendants and constitutes manifest injustice. Much of Defendants' argument asserting manifest injustice stems from Defendants' concern that the amendment was permitted "on the eve of trial" – a concern obviated when the Scheduling Order was amended on July 9, 2012, continuing the trial an additional four months, until December 10, 2012.[8] Additionally, the Court concurs with Plaintiff's well-stated argument militating against a finding of manifest injustice:

> Defendants' claim of manifest injustice relies on facts well known to Defendants throughout this litigation. For example, Defendants argue that "Nitto is merely a holding company" which was "not even authorized to be a party to the Distribution Agreement" and should be dismissed from this lawsuit at the summary judgment sta[g]e. These facts have not changed since the start of the lawsuit, yet Nitto has not sought dismissal. Further, while Defendants argue that their strategy may have been different had punitive damages been alleged earlier (and that new counsel may need to be hired) they never explain why Nitto was prepared to pay potential contract and tort damages previously, but the potential increase in those damages now presents manifest injustice. Importantly, Nitto is not being barred from presenting evidence of their corporate status at trial and they will have the full opportunity to show the purported lack of evidence implicating them in any fraud. Further, Defendants have not shown how the possibility of additional damages somehow changes Nitto's strategy such that it is contradictory to Permacel's defense strategy.[9]

Defendants other arguments – futility and untimeliness – likewise fail to provide a basis to grant reconsideration. Futility of amendment is an argument that Defendants could have properly raised in their Response in Opposition to the Motion for Leave. Defendants did not raise the argument at that time, and a motion for reconsideration is not to be used as a second chance to request a court

---

[7]Defs' Memorandum in Support of Motion to Reconsider (ECF No. 282) at 4.

[8]*See* Order Memorializing July 9th Rulings (ECF No. 364).

[9]Pltf's Response in Opposition to Defendants' Motion to Reconsider Order (ECF No. 285) at 8.

to consider new arguments that could have been presented originally.[10] Defendants did argue that Plaintiff's Motion for Leave was untimely – an argument that the court considered and rejected at the hearing on the motion. Defendants have presented no new evidence or change in the law at this time; they simply restate their earlier argument. Defendants have thus failed to present a proper basis for reconsideration.

In conclusion, Defendants fail to show how the Court's ruling granting Plaintiff leave to file a Second Amended Complaint alleging punitive damages was clearly erroneous or has resulted in manifest injustice. Having carefully reviewed the arguments contained in Defendants' Motion for Reconsideration, the Court, in its discretion, finds no basis to reconsider its determination.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Reconsideration (ECF No. 281) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 6th day of November, 2012.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

---

[10] *Servants*, 204 F.3d at 1012; *See also Hammond v. City of Junction City*, 168 F. Supp. 2d 1241, 1244 (D. Kan. 2001).